UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS BARONIO CASTANEDA
APONTE,

                        Petitioner,

     v.

WASHINGTON IMMIGRATION AND
CUSTOMS ENFORCEMENT, *et al.*,

                     Respondents.

Case No. C25-2144-BHS-MLP

REPORT AND RECOMMENDATION

Petitioner Carlos Baronio Castaneda Aponte seeks habeas relief under 28 U.S.C. § 2241, challenging his redetention by U.S. Immigration and Customs Enforcement ("ICE") as a violation of due process. (Dkt. # 1.) After counsel was appointed to represent Petitioner, he filed an amended petition. (Dkt. # 14.) In lieu of a return, Respondents submitted a declaration by ICE Deportation Officer Christopher J. Hubbard. (Dkt. ## 16-17.) Petitioner filed a traverse supported by declarations. (Dkt. ## 18-20.) Respondents did not file a reply. Having considered the parties' submissions and the governing law, the Court recommends granting Petitioner's amended habeas petition (dkt. # 14), ordering Petitioner's immediate release, and prohibiting

REPORT AND RECOMMENDATION - 1

Respondents from redetaining him without adequate notice of the reasons for redetention and a meaningful opportunity to respond to those reasons.

## I.    BACKGROUND

Petitioner is a citizen and native of Colombia. (Castaneda Decl. (dkt. # 15-1), ¶ 2.) He states in a declaration that he was forcibly conscripted into a guerilla organization and then incarcerated by the Colombian government for his involvement. (*Id.*, ¶ 3.) He fled Colombia after being targeted by a related cartel in February 2023 and reporting their threats to the police. (*Id.*, ¶ 3; *see* dkt. # 18 at 2.)

Petitioner entered the United States in 2023. (Dkt. # 14 at 5; Castaneda Decl., ¶ 2.) On April 13, 2023, Border Patrol detained Petitioner and served a Notice to Appear. (Hubbard Decl. (dkt. # 17), ¶¶ 4-5.) In July 2023, Petitioner filed an application for asylum and withholding of removal. (*Id.*, ¶ 11.) He has a hearing scheduled for November 17, 2026. (Dkt. # 14 at 5.) On November 11, 2023, an immigration judge granted $2,500.00 bond, rejecting the government's argument that Petitioner was a danger because he had been convicted in Colombia of sedition for his participation in the United Self Defense Forces of Colombia, a "delisted terrorist organization." (Hubbard Decl., ¶¶ 6-7, 13, 17.) On November 16, 2023, Petitioner was released on bond. (*Id.*, ¶ 18.) He moved to Portland, Oregon, and asserts he has fully complied with all release conditions. (Castaneda Decl., ¶¶ 5, 7.) As soon as he obtained work authorization in June 2024, he started working. (*Id.*, ¶ 8.)

On October 21, 2025, Border Patrol agents arrested Petitioner and detained him at the Northwest ICE Processing Center. (Hubbard Decl., ¶¶ 21-22.) On October 24, 2025, Petitioner filed his habeas petition. (Dkt. # 1.) On October 31, 2025, Petitioner was transferred to the El Valle Detention Facility in Texas. (*Id.*, ¶¶ 23-24.)

REPORT AND RECOMMENDATION - 2

## II.    DISCUSSION

Federal courts may grant habeas relief under 28 U.S.C. § 2241(c)(3) if custody violates the Constitution or federal law. Petitioner contends his detention violates the Fifth Amendment's Due Process Clause (dkt. ## 14 at 7-10; 18 at 8-9), which protects all persons within the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner further argues the government violated its own regulations by redetaining him without a bond revocation hearing. (Dkt. ## 14 at 20, 18 at 6-8.)

Respondent makes no counterargument, but Officer Hubbard's declaration states Petitioner is "mandatorily detained under INA § 236(c) for his support of a then-listed Foreign Terrorist Organization." (Hubbard Decl., ¶ 24.) Officer Hubbard does not explain how § 236(c) applies to Petitioner. *See* 8 U.S.C. § 1226(c). It appears this is an argument rejected by the immigration judge, who Officer Hubbard states "granted bond . . . over the government's argument that Petitioner was a danger and Petitioner's admission he had served over 21 months for his crime in Colombia." (Hubbard Decl., ¶ 17.) The government apparently did not appeal the immigration judge's decision, as Petitioner was released a few days later. (*Id.*, ¶ 18.) This Court therefore concludes § 1226(c) does not govern Petitioner's detention.

Procedural due process requires that individuals be afforded meaningful notice and an opportunity to be heard before deprivation of a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention contexts. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) (collecting cases). The test weighs (1) the private interest affected; (2) the risk of erroneous deprivation under current

REPORT AND RECOMMENDATION - 3

procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Mathews*, 424 U.S. at 335.

Here, all three *Mathews* factors weigh in Petitioner's favor. First, Petitioner's release on bond in 2023 established a protected liberty interest in his continued freedom. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). His arrest and detention after years of liberty constitute a significant deprivation. Second, the absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation. Finally, Respondents have identified no countervailing government interest. Consistent with other courts in this district, this Court finds that "the Government's interest in re-detaining non-citizens previously released without a hearing is low." *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

Because all three *Mathews* factors favor Petitioner, his redetention without a pre-deprivation hearing violates due process, and immediate release is the appropriate remedy. This conclusion aligns with other rulings from district courts across this Circuit. *See*, *e.g.*, *Ledesma Gonzalez*, 2025 WL 2841574, at *7-9 (ordering immediate release due to lack of pre-deprivation hearing).

### III.   CONCLUSION

This Court recommends granting Petitioner's amended habeas petition (dkt. # 14), ordering Petitioner's immediate release, and prohibiting Respondents from redetaining him without adequate notice of the reasons for redetention and a meaningful opportunity to respond to those reasons. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

REPORT AND RECOMMENDATION - 4

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 20, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

Dated this 29th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5